# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

## COMPLAINT FORM

United States District Court
District of Connecticut
FILED AT   BRIDGEPORT

5-14-2020
Robin D. Tabora, Clerk

By _____
Deputy Clerk

Krystal Underhill

Full name(s) of Plaintiff(s)
(Do not use *et al.*)

Case No. **20 cv 654 (MPS)**

v.

Yale University

Full names of Defendant(s)
(Do not use *et al.*)

## A. PARTIES

1. Krystal Underhill is a citizen of Connecticut who
   (Plaintiff)                          (State)
   presently resides at 1029 Main Street  Stratford, CT 06615
                        (mailing address)

2. Defendant Yale University is a citizen of Connecticut
             (name of first defendant)          (State)
   whose address is 100 Church Street So. New Haven, CT 06519

3. Defendant _____ is a citizen of _____
              (name of second defendant)                 (State)

whose address is _____.

(If more space is needed to furnish the above information for additional defendants, continue on a blank sheet which you should label "A. PARTIES." Be sure to include each defendant's identity and complete address.)

## B. JURISDICTION

The jurisdiction of this court is invoked pursuant to: (list statute(s))

CONN. GEN. STAT. § 46a-58(a),CONN. GEN. STAT. § 46a-60(b)(1),CONN. GEN. STAT. § 46a-60(b)(

CONN. GEN. STAT. § 46a-60(b)(7), Title VII of the Civil Rights Act of 1964,42 U.S.C § 2000e-2

## C. NATURE OF THE CASE

**BRIEFLY** state the background of your case.

The DIscrimination took place in New Haven, CT. I was terminated, harrassed and retailed against on June 18, 2018, and believe that my race, color, sex (female), and pregnacy was/were in part factors in this/these actions. I believed that that Yale University violated the above mention stautues and acts.

## D. CAUSE OF ACTION

I allege that the following of my constitutional rights, privileges, or immunities or my rights under a federal statute have been violated and that the following facts form the basis of my allegations: (If more space is needed to explain any allegation or to list additional supporting facts, continue on a blank sheet which you should label "D. CAUSE OF ACTION.")

**Claim I:** my termination was based on discrimination and in retaliation for my opposition to discrimination in the workplace.

Supporting Facts: (Include all facts you consider important, including names of persons involved, places, and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.)

Please see separate Sheet labeled D cause of Action

**Claim II:** I believe my termination was based in whole or part on my race ( African American ) my Sex (female) and pregnancy and in retaliation for my complaints of unfair discriminatory treatment

Supporting Facts:

D Cause of Action

I provide the following particulars:

1. My name is Krystal Underhill and I reside at 1029 Main Street, Stratford, CT 06615.
2. The respondent is Yale University located in New Haven, CT.
3. Respondent employs more than fifteen (15) employees.
4. I began my employment with the respondent in October 2015.
5. My position was professional revenue analyst and my work location was on George Street in New Haven until in or about July 2017 when a reorganization took place.
6. I was reassigned to an office located on Church Street South in New Haven within the medical coding and billing department. Management changed and I began reporting to Teresa Carty.
7. In September 2017, I met with Carty to discuss concerns I had with the dynamics of the team and what my role was within the department.
8. Prior to Carty becoming my supervisor, I had no documented performance or conduct issues as an employee.
9. In early 2018, things became increasingly hostile in the department.
10. Carty accused me of being angry and accused me of staring at her. When I denied I was staring at her and said I was listening to her, she argued that I was intentionally staring at her as a means of intimidating her.
11. On February 21, 2018, Carty called me in regarding personal time off (PTO) requests. Specifically, I had requested February 22 and 23, 2018 off because I had received surprise tickets for my birthday on February 21, 2018.
12. Carty said the training was scheduled for the clerical and technical staff that she wanted me to participate in on those days.
13. I informed her I would take the time regardless of her approval.
14. She then said she would talk to the George Street office to see if the training could be done that day.
15. Carty said the training could happen that day and I explained I had another meeting.
16. She told me she would drag me there if need be.
17. She wanted me to walk over to George Street with her and I responded I knew how to get there.
18. On February 26, 2018 I was called into a meeting with Carty and Joyce Dupee, director of the department. Carty asked me if I had anything to say since I had so much to say on February 21, 2018. She said she could not allow me back on the floor until I could agree there would be no outbursts.
19. Dupee interjected that I had come in ten minutes late for the meeting. She said I was not following protocol for requesting PTO time and needed to do it two weeks in advance of a date.
20. I told Dupee that Carty did not practice that and did not require it from others.
21. In the February 26, 2018 meeting, Dupee accused me of pushing her into Carty's office on February 1, 2018.

22. I did not push Dupee and this accusation had not been raised until February 26, 2018, nearly a month after the alleged incident.
23. I did request Dupee meet with Carty and me on February 1, 2018, but I did not push her into Carty's office.
24. On or about March 28, 2018, I was interviewed in the course of an investigation regarding a group photograph of department staff that Carty and another employee, Krista Rubino, had had their faces marked up or crossed out in the picture.
25. I felt the interviewer's questions were biased towards me when I was asked what my relationship was with Carty and whether I had issues with Carty.
26. I felt as if I was being accused of marking up the picture.
27. I left the office to speak to human resources and spoke with a representative named Lori (last name unknown). I was very upset and discussed numerous negative interactions with Carty since she became my supervisor. Barbara Escobar, human resources, came in and said this was not an appropriate forum for this.
28. Escobar told me to return to my work area.
29. I did and Carty called me to her office. She was asking me where I had been.
30. I was visibly upset and I excused myself.
31. Later, I got an invite to meet with her and declined it.
32. Carty insisted I meet with her that day and I explained I was not comfortable and that I really could not meet with her today, but I would meet with her the following day.
33. Later that day, she handed me an envelope with a written warning in it.
34. Carty said she wanted to give it to me face to face but I refused to meet with her.
35. The warning cited me for unsatisfactory performance, accused me of raising my voice and using profanity on February 26, 2018 and said I had been excessively tardy, was not following instructions or department policy for time off requests and that I had left my desk for forty-five minutes and then refused to explain where I had been.
36. This was retaliation for my having complained to Lori in human resources about my interactions with Carty which is where I had been for forty-five minutes.
37. On or about May 1, 2018 I spoke to the Office of Equal Opportunity about being targeted based on my race and color.
38. Carty had accused me of being angry, like the stereotypical angry black woman, and of staring at her in an intentional way of intimidation when I had only been actively listening to her when she was speaking to me.
39. Carty also spoke to me in a belittling way.
40. On May 9, 2018, a diagram was shown to staff at a meeting in the second phase of restructuring.
41. My position was not noted and I questioned Dupee and was told I was not part of the meeting because I was not a certified coder.
42. From the first phase of reorganization, I was the only one left at Church Street South.
43. Profile variance team members were reassigned to George Street in September 2017. Clerical and technical staff was reassigned to George Street in April 2018.

44. On or about May 23, 2018 I spoke to Carty about another manager addressing me in an inappropriate manner. Diana MacLennan had banged her fists on my desk and shouted at me. after meeting with Carty and MacLennan, I called the Office of equal opportunity and spoke with Johnathan bailey and was advise to speak with my supervisor regarding concerns.
45. Carty justified MacLennan's behavior rather than addressing my issues.
46. On May 31, 2018 I was called in to a round table meeting with human resources. Two human resource generalists were present, Denise Jenkins and Escobar along with Carty and Dupee.
47. I was accused of not collaborating well with other teams in the practice. Carty said I had acted in appropriately in two meetings that took place on April 6 and 16, 2018.
48. I had not been spoken to regarding my alleged inappropriate behavior on April 6 or 16 prior to this meeting.
49. On or about June 14, 2018 I notified respondent of my pregnancy. I was then called in and terminated on June 18, 2018.
50. I believe my termination was based in whole or part on my race (African American), color (black), my sex (female and pregnancy and in retaliation for my complaints of unfair and discriminatory treatment.
51. Respondent intended to get rid of me before the new fiscal year and that is why my position was not represented on the reorganization diagram revealed to staff on May 9, 2018.
52. During my employment under the supervision of Carty, I was asked to prepare policy and procedures for my job duties.
53. Prior to the July 2017 reorganization, only I and my former supervisor knew how to complete the duties and functions of my position.
54. Carty had me draft policy and procedures so my duties could be reassigned to others and I could be eliminated.
55. I was the only African American professional left in the department at the time I was terminated.
56. I had actively been seeking an alternative position in the Orthopedics and Rehabilitation Department and had been to three interviews.
57. By terminating my employment, I was disqualified for hire in any other department within respondent's organization.
58. Notably, respondent did not challenge my eligibility for unemployment.
59. Respondent did not have a legitimate reason for terminating me.
60. My termination was based on discrimination and in retaliation for my opposition to discrimination in the workplace.

Please see separate Sheet labeled D cause of Action

### E. REQUEST FOR RELIEF
WHEREFORE, plaintiff demands: (state the relief you seek)

The relief I seek $750,000 emotional Damage. Additionally Negative Information Remove from my personal file and "No Rehire" removed.

### F. JURY DEMAND

Do you wish to have a jury trial?   Yes              No  X

_____  
Original signature of attorney (if any)

_____  
Printed Name

( )  
Attorney's full address and telephone

Email address if available

*K. Underhill*  
**Plaintiff's Original Signature**

Krystal Underhill  
Printed Name

(203) 572-6486  
Plaintiff's full address and telephone  
1029 Main St  
Stratford, CT 06615  
Email address if available  
Chi_chi106@Hotmail.com

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at  Bridgeport  on  04/24/2020  
(location)                             (date)

*K. Underhill*  
**Plaintiff's Original Signature**

(Rev.3/29/16)

5