UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KRYSTAL UNDERHILL | : | |
| | : | CIVIL ACTION NO. |
| PLAINTIFF | : | 3:20-cv-00654-MPS |
| | : | |
| v. | : | |
| | : | |
| YALE UNIVERSITY | : | |
| | : | |
| DEFENDANT | : | |
| | : | SEPTEMBER 18, 2020 |

**<u>Notice to Self-Represented Litigant Concerning Motion to Dismiss</u>**
**<u>(As Required by Local Rule 12(a))</u>**

The purpose of this notice, which is required by the Court, is to notify you that the defendant has filed a motion to dismiss asking the Court to dismiss all or some of your claims without a trial. The defendant argues that there is no need to proceed with these claims because they are subject to dismissal for the reasons stated in the motion.

THE DEFENDANT'S MOTION MAY BE GRANTED AND YOUR CLAIMS MAY BE DISMISSED WITHOUT FURTHER NOTICE IF YOU DO NOT FILE OPPOSITION PAPERS AS REQUIRED BY RULE 12 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND IF THE DEFENDANT'S MOTION SHOWS THAT THE DEFENDANT IS ENTITLED TO DISMISSAL OF ANY OR ALL OF YOUR CLAIMS. COPIES OF RELEVANT RULES ARE ATTACHED TO THIS NOTICE, AND YOU SHOULD REVIEW THEM VERY CAREFULLY.

The papers you file must show that (1) you disagree with the defendant's arguments for dismissal, and (2) that the allegations of the complaint are sufficient to allow this case to proceed. If you would like to amend your complaint under Rule 15 of the Federal Rules of Civil Procedure in order to respond to the alleged deficiencies in your complaint asserted by the defendant, you

may promptly file a motion to amend your complaint, but you must attach your proposed amended complaint to the motion.

It is very important that you read the defendant's motion and memorandum of law to see if you agree or disagree with the defendant's motion.  It is also very important that you review the enclosed copies of Rule 12 of the Federal Rules and Local Rule 7 carefully.  You must file your opposition papers (and any motion to amend) with the Clerk of the Court and mail a copy to the defendant's counsel within 21 days of the filing of the defendant's motion with the Clerk of the Court.  (If you e-file under the Court's Electronic Filing Policies and Procedures, you do not need to separately mail a copy of your oppositions papers to the defendant's counsel.)  If you require additional time to respond to the motion to dismiss, you must file a motion for extension of time, providing the Court with good reasons for the extension and with the amount of additional time you require.

If you are confined in a Connecticut correctional facility, you must file your opposition papers and any motion to amend using the Prisoner Efiling Program and are not required to mail copies to the defendant's counsel.

THE DEFENDANT,

YALE UNIVERSITY

By:_____/s/_____
PATRICK M. NOONAN – CT00189
COLLEEN NOONAN DAVIS – CT27773
DONAHUE, DURHAM & NOONAN, P.C.
Concept Park
741 Boston Post Road, Suite 306
Guilford, CT  06437
Telephone:  (203) 458-9168
Fax:  (203) 458-4424
Email:  pnoonan@ddnctlaw.com

**CERTIFICATION**

      I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                                                             /s/
                                                       Patrick M. Noonan

## Federal Rules of Civil Procedure

**RULE 12. DEFENSES AND OBJECTIONS: WHEN AND HOW PRESENTED; MOTION FOR JUDGMENT ON THE PLEADINGS; CONSOLIDATING MOTIONS; WAIVING DEFENSES; PRETRIAL HEARING**

**(a) Time to Serve a Responsive Pleading.**

   **(1)** *In General.* Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows:

      (A) A defendant must serve an answer:

         (i) within 21 days after being served with the summons and complaint; or

         (ii) if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent, or within 90 days after it was sent to the defendant outside any judicial district of the United States.

      (B) A party must serve an answer to a counterclaim or crossclaim within 21 days after being served with the pleading that states the counterclaim or crossclaim.

      (C) A party must serve a reply to an answer within 21 days after being served with an order to reply, unless the order specifies a different time.

   **(2)** *United States and Its Agencies, Officers, or Employees Sued in an Official Capacity.* The United States, a United States agency, or a United States officer or employee sued only in an official capacity must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the United States attorney.

   **(3)** *United States Officers or Employees Sued in an Individual Capacity.* A United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the officer or employee or service on the United States attorney, whichever is later.

   **(4)** *Effect of a Motion.* Unless the court sets a different time, serving a motion under this rule alters these periods as follows:

      (A) if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action; or

      (B) if the court grants a motion for a more definite statement, the responsive pleading must be served within 14 days after the more definite statement is served.

**(b) How to Present Defenses.**  Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:

(1) lack of subject-matter jurisdiction;
(2) lack of personal jurisdiction;
(3) improper venue;
(4) insufficient process;
(5) insufficient service of process;
(6) failure to state a claim upon which relief can be granted; and
(7) failure to join a party under Rule 19.

A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed. If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.

**(c) Motion for Judgment on the Pleadings.**  After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings.

**(d) Result of Presenting Mattes Outside the Pleadings.**  If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

**(e) Motion for a More Definite Statement.**  A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

**(f) Motion to Strike.**  The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:

(1) on its own; or
(2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

**(g) Joining Motions.**

**(1)** *Right to Join.*  A motion under this rule may be joined with any other motion allowed by this rule.

**(2)** *Limitation on Further Motions.*  Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.

**(h) Waiving and Preserving Certain Defenses.**

**(1)** *When Some Are Waived.*  A party waives any defense listed in Rule 12(b)(2)–(5) by:

(A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or

(B) failing to either:

(i) make it by motion under this rule; or

(ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course.

**(2)** *When to Raise Others.*  Failure to state a claim upon which relief can be granted, to join a person required by Rule 19(b), or to state a legal defense to a claim may be raised:

(A) in any pleading allowed or ordered under Rule 7(a);
(B) by a motion under Rule 12(c); or
(C) at trial.

**(3)** *Lack of Subject-Matter Jurisdiction.*  If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.

**(i) Hearing Before Trial.**  If a party so moves, any defense listed in Rule 12(b)(1)–(7) – whether made in a pleading or by motion – and a motion under Rule 12(c) must be heard and decided before trial unless the court orders a deferral until trial.

**Local Rules of Civil Procedure**

**RULE 7.      MOTION PROCEDURES**

   **(a) Procedures**

   1. Any motion involving disputed issues of law shall be accompanied by a memorandum of law, and shall indicate in the lower margin of the motion whether oral argument is requested. Failure to submit a required memorandum may be deemed sufficient cause to deny the motion.

   2. Unless otherwise ordered by the Court, all opposition memoranda shall be filed within twenty-one (21) days of the filing of the motion, and shall indicate in the lower margin of the first page of such memorandum whether oral argument is requested. Failure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion, except where the pleadings provide sufficient grounds to deny the motion.

   3. Nothing in this Rule shall require the Court to review portions of the record in response to a motion, where the moving and opposition papers do not make specific reference to such portions of the record. Notwithstanding that a request for oral argument has been made, the Court may, in its discretion, rule on any motion without oral argument.

   4. To expedite a decision or for other good cause, the Court may rule on a motion before expiration of the period ordinarily permitted for filing opposition papers.

   5. Except by order of the Court, memoranda shall be double-spaced (except headings, footnotes, and block quotes) and shall be no more than forty (40) 8 ½" by 11" printed pages, exclusive of pages containing a table of contents, table of statutes, rules or the like. E-filed memoranda shall conform with the Electronic Filing Policies and Procedures. Unless otherwise ordered by the Court, text shall appear in at least 12 point font; footnotes shall appear in at least 10 point font. Any motion seeking permission to depart from these limitations shall be filed at least seven (7) days before the deadline for the filing of the memorandum at issue. A motion for permission not in compliance with this Rule will ordinarily be denied.

   6. A party may request expedited consideration by the Court of a motion by designating the motion as one seeking "emergency" relief and demonstrating good cause in the motion.

   **(b) Motions for Extensions of Time**

   1. All motions for extensions of time must be decided by a Judge and will not be granted except for good cause. The good cause standard requires a particularized showing that the time limitation in question cannot reasonably be met despite the diligence of the party seeking the extension.

   2. All motions for extensions of time shall include a statement of the movant that (1) the movant has inquired of all non-moving parties and there is agreement or objection to the motion, or that (2) despite diligent effort, including making the inquiry in sufficient time to afford non-

movant a reasonable opportunity to respond, the movant cannot ascertain the position(s) of the non-movant(s). All such motions shall also indicate the number of motions for extension of time that have previously been filed by the movant with respect to the same time limitation. The Court may rule on the motion, without notice, before expiration of the period ordinarily permitted for filing opposition papers, notwithstanding a report of objection. Any party may move within seven (7) days of an order granting a motion for extension of time to have the Court set aside the order for good cause. Agreement of the parties as to any extension of time does not by itself extend any time limitation or provide good cause for failing to comply with a deadline established by the Federal Rules of Civil Procedure, these rules, or the Court.

3. All motions for extension of time shall be filed at least three (3) days before the deadline sought to be extended, except in cases in which compelling circumstances warranting an extension arise during the three days before the deadline. Any motion for extension of time filed fewer than three days before the deadline sought to be extended shall, in addition to satisfying all other requirements of this Rule, set forth reasons why the motion was not filed at least three days before the deadline in question.

**(c) Motions for Reconsideration**

1. Motions for reconsideration shall not be routinely filed and shall satisfy the strict standard applicable to such motions. Such motions will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order. In circumstances where such motions are appropriate, they shall be filed and served within seven (7) days of the filing of the decision or order from which such relief is sought, and shall be accompanied by a memorandum setting forth concisely the controlling decisions or data the movant believes the Court overlooked.

2. No response to a motion for reconsideration need be filed unless requested by the Court.

3. In all other respects, motions for reconsideration shall proceed in accordance with Rule 7(a) of these Local Rules.

**(d) Reply Memoranda**

Reply memoranda are not required and the absence of a reply memorandum will not prejudice the moving party. Any reply memorandum must be filed within fourteen (14) days of the filing of the responsive memorandum to which reply is being made, as computed under Fed.R.Civ.P. 6. A reply memorandum may not exceed 10 pages. A reply memorandum must be strictly confined to a discussion of matters raised by, and must contain references to the pages of, the memorandum to which it replies. No sur-replies may be filed without permission of the Court, which may, in its discretion, grant permission upon a showing of good cause.

**(e) Withdrawals of Appearances**

Withdrawals of appearances may be accomplished only upon motion, which normally will not be granted except upon a showing that other counsel has appeared or that the party whose

counsel seeks to withdraw may and has elected to proceed without counsel, and that the party has received actual notice of the motion to withdraw. In cases where the party has failed to engage other counsel or file a personal appearance, where good cause exists for permitting the withdrawal by the appearing counsel, the Court may grant the motion to withdraw the appearance after notice to the party that failure to either engage successor counsel or file a personal appearance will result in the granting of the motion to withdraw and may result in a dismissal or default being entered against the party.

**(f) Motions to Amend Pleadings**

Any motion to amend a party's pleading under Fed.R.Civ.P. 15(a) that requires leave of court shall (1) include a statement of the movant that: (i) the movant has inquired of all non-moving parties and there is agreement or objection to the motion; or (ii) despite diligent effort, including making the inquiry in sufficient time to afford non-movant a reasonable opportunity to respond, the movant cannot ascertain the position(s) of the non-movant(s), and (2) in cases in which the movant is represented by counsel, be accompanied by both a redlined version of the proposed amended pleading showing the changes proposed against the current pleading and a clean version of the proposed amended pleading.