UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KRYSTAL UNDERHILL,
    *Plaintiff*,

v.

YALE UNIVERSITY,
    *Defendant*

No. 3:20cv654(MPS)

**RULING ON MOTION TO DISMISS**

Krystal Underhill, proceeding *pro se*, brings this action against her former employer, Yale University, alleging discrimination and retaliation in the termination of her employment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq*. and the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. §§ 46a-60 *et seq*. Yale seeks dismissal of the complaint under Fed. R. Civ. P. 12 on the grounds that Ms. Underhill failed to file her lawsuit in a timely manner and failed to exhaust her administrative remedies. ECF No. 25. For the reasons set forth below, the motion to dismiss is GRANTED.

**I.   LEGAL STANDARD**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6)[1], a complaint must plead "enough facts to state a claim to relief that is plausible on its face" and must give the defendant "fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual

---

[1] A motion to dismiss for failure to comply with Title VII's 90-day time limit is treated as a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as long as all the facts necessary to resolution of the motion are set forth in the complaint or in documents attached or integral to the complaint. *Baker v. CT Transit*, No. 3:18CV1534, 2020 WL 7129581, at *2 (D. Conn. Dec. 4, 2020).

content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). Although the Court must accept the factual allegations as true and "draw all reasonable inferences in favor of the non-moving party," *Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.*, 517 F.3d 104, 115 (2d Cir. 2008), it must grant the moving party's motion if "a complaint is based solely on wholly conclusory allegations and provides no factual support for such claims . . . ." *Scott v. Monroe*, 306 F. Supp. 2d 191, 198 (D. Conn. 2004). "Although courts must interpret a *pro se* complaint liberally, the complaint will be dismissed unless it includes sufficient factual allegations to meet the standard of facial plausibility." *Doyle v. Santiago*, No. 3:19CV901, 2019 WL 5298147, at *1 (D. Conn. Oct. 18, 2019).

## II. DISCUSSION

### A. Timeliness of Complaint

Yale argues that Ms. Underhill's Title VII claims should be dismissed because she failed to file suit within 90 days of receiving a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC").[2]  I agree.

---

[2] Yale raised this argument in its initial motion to dismiss filed on September 18, 2020. ECF No. 20.  After Yale filed its motion, the Court issued an order that "[o]n or before October 9, 2020, Plaintiff shall either file a response to the motion or file an amended complaint pleading as many facts as possible, consistent with Rule 11 of the Federal Rules of Civil Procedure, to address the alleged defects discussed in Defendant's memorandum of law. The Court will not allow further amendments after October 9, 2020. If Plaintiff chooses to amend and if Defendant then renews the motion to dismiss, Defendant may incorporate by reference any prior briefing." ECF No. 22.  On October 8, 2020, the Plaintiff filed a Second Amended Complaint, ECF No. 24, having previously filed a First Amended Complaint.  ECF No. 14.  On October 26, 2020, Yale again moved to dismiss, wholly incorporating its arguments from its prior briefing and pointing out that despite notice of Yale's arguments, Ms. Underhill had not amended her complaint in a way that addressed the deficiencies Yale had identified.  ECF No. 25.  On November 16, 2020, Ms. Underhill responded to the motion to dismiss by filing a Third Amended Complaint, ECF No. 26, which the Court treats as the operative complaint.  The only difference between the Second Amended Complaint and the Third Amended Complaint is the addition of ¶¶ 74 and 75, which are not factual

"In order to be timely, a claim under Title VII . . . must be filed within 90 days of the claimant's receipt of a right-to-sue letter." *Sherlock v. Montefiore Med. Cent.,* 84 F.3d 522, 525 (2d Cir. 1996) (citing 42 U.S.C. § 2000C–5(f)(1)).  "Federal courts have strictly enforced Title VII's 90-day limitations period, including against *pro se* litigants." *Bunting v. Kellogg's Corp.*, No. 3:17CV1445, 2019 WL 233812, at *3 (D. Conn. Jan. 16, 2019).  "Normally it is assumed that a mailed document is received three days after its mailing. . . . And normally it may be assumed, in the absence of challenge, that a notice provided by a government agency has been mailed on the date shown on the notice." *Sherlock*, 84 F.3d at 525-26 (citations omitted).  *See Johnson v. St. Barnabas Nursing Home*, 368 F. App'x 246, 248 (2d Cir. 2010) ("Absent sufficient evidence to the contrary, it is presumed that a plaintiff received his or her right to sue letter three days after its mailing.")  "If a claimant presents sworn testimony or other admissible evidence from which it could reasonably be inferred either that the notice was mailed later than its typewritten date or that it took longer than three days to reach her by mail, the initial presumption is not dispositive." *Sherlock*, 84 F.3d at 526.

The "Dismissal and Notice of Rights" letter from the EEOC, which Ms. Underhill has attached to her complaint, is dated January 27, 2020. ECF No. 26 ¶ 71, Ex. M.  Immediately below the date appear the words "date mailed." *Id.*  January 27, 2020 was a Monday.  Applying the three-day presumption, the letter would have been received Thursday, January 30, 2020.  Ms. Underhill therefore was required to file her Title VII claims in federal court on or before April 29, 2020.  The

---

allegations and are not relevant to the arguments Yale raises.  Yale objected to Ms. Underhill's Third Amended Complaint because she had not sought leave of Court before filing the pleading but argued that even if the Court were to consider it as the operative complaint, the Court should still grant Yale's motion to dismiss.  ECF No. 27.  On March 1, 2021, Ms. Underhill filed an "objection" to the pending motion to dismiss in which she asserted that her Title VII claim was timely.  ECF No. 28.

docket reflects, however, that Ms. Underhill's complaint was filed on May 14, 2020, ECF No. 1, which was well over 90 days after she was presumed to have received the EEOC letter.

Ms. Underhill alleges in her complaint that she received the EEOC letter "[t]he first week of February [2020]." ECF No. 26 ¶ 71. But this "unsupported allegation" is "not sufficient to rebut the applicable three-day presumption of receipt." *St. Barnabas Nursing Home*, 368 F. App'x at 248. In her complaint and objection, she alleges that she filed her lawsuit within the 90 day limitation period, and cites "Exhibit N" as support. ECF No. 26 ¶ 73, ECF No. 28 -2 (stating that Exhibit N is "proof" that she filed her lawsuit "within a timely manner"). Although the other exhibits Ms. Underhill submitted with her complaint are identified by a cover page, there is no cover page for Exhibit N. The three documents that appear after Exhibit M, which is the EEOC notice, are: (1) a form dated December 16, 2019 indicating Ms. Underhill mailed documents to Yale, ECF No. 26 at page 60; (2) an email dated December 16, 2019 from Ms. Underhill to CHRO, ECF No. 26 at page 61; and (3) a letter dated December 16, 2019 from Ms. Underhill in response to CHRO's finding of "no reasonable cause." ECF No. 26 at page 62. These documents are not evidence that Ms. Underhill received the EEOC letter on a date other than January 30, 2020 and do not support her claim that she timely filed her Title VII lawsuit. In any event, even if Ms. Underhill had received the letter as late as February 7, 2020 (the last day of the first week of February 2020), she still would not have met the statute of limitations period because she would have had to file her lawsuit by May 7, 2020. The facts alleged by Ms. Underhill and the documents attached to the complaint demonstrate that she did not timely file this action after receiving the right-to-sue letter.

Further, it does not appear that she has alleged any facts that could support a claim for equitable tolling of the statute of limitations. "[E]quitable tolling is only appropriate in rare and

4

exceptional circumstances in which a party is prevented in some extraordinary way from exercising his rights." *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003) (internal quotations and citations omitted). "When determining whether equitable tolling is applicable, a district court must consider whether the person seeking application of the equitable tolling doctrine (1) has acted with reasonable diligence during the time period she seeks to have tolled, and (2) has proved that circumstances are so extraordinary that the doctrine should apply." *Id.* at 80-81 (internal quotations and citations omitted). Because Ms. Underhill did not timely file this action and because she has not alleged facts to warrant equitable tolling, the Court will dismiss Ms. Underhill's Title VII claims. Nonetheless, in light of her *pro se* status, the Court will permit her an opportunity to file an amended complaint indicating how she complied with the 90 day requirement or satisfied the equitable tolling doctrine. *Shibeshi v. City of New York,* 475 F. App'x 807, 808 (2d Cir. 2012) ("[D]istrict courts should generally not dismiss a *pro se* complaint without granting the plaintiff leave to amend.") (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).

      **B.**      **State Law Claims**

Having dismissed Ms. Underhill's federal claims, the Court declines to exercise supplemental jurisdiction over the remaining state law claims.

"[A] district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'" *TPTCC NY, Inc. v. Radiation Therapy Servs., Inc.*, 453 F. App'x 105, 106 (2d Cir. 2011) (quoting 28 U.S.C. § 1367(c)(3)). *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) ("[W]hen the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remains, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice."). "In deciding whether to

exercise supplemental jurisdiction, a federal court should consider and weigh 'the values of judicial economy, convenience, fairness, and comity.'" *TPTCC NY, Inc*., 453 F. App'x at 106 (quoting *Carnegie–Mellon Univ.,* 484 U.S. at 350). "When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Id.* (footnote omitted). "[I]n the usual case in which all federal-law claims are eliminated before trial," the balance of factors will weigh in favor of declining to exercise supplemental jurisdiction. *Id*. That is the case here. Consideration of judicial economy weighs in favor of declining jurisdiction because, among other things, the case is in its infancy. Also, principles of comity suggest that Connecticut courts are more suited to determine the adequacy of Ms. Underhill's CFEPA claims, which raise state law issues concerning exhaustion. Accordingly, the Court declines to exercise supplemental jurisdiction and dismisses Ms. Underhill's CFEPA claims without prejudice as a result. Ms. Underhill may, if she wishes, pursue these claims in state court, except that she may replead them in this Court if she can plead a plausible Title VII claim, as set forth above.

### III.     CONCLUSION

For the foregoing reasons, Yale's motion to dismiss, ECF No 25 is GRANTED without prejudice as to her Title VII claims. Because her federal claims are dismissed, Ms. Underhill's state law claims are dismissed without prejudice to being refiled in state court, as the Court declines to exercise supplemental jurisdiction over those claims under 28 U.S.C. § 1367(c).

If Ms. Underhill wishes to file an Amended Complaint to address the deficiencies identified in this Ruling and Order, she must do so by October 13, 2021. Failure to timely file an Amended

Complaint will result in the dismissal of her federal claims with prejudice, and the dismissal of her state law claims, without prejudice to refiling in state court.

    IT IS SO ORDERED.

                                                       /s/
                                        Michael P. Shea, U.S.D.J.

Dated:  Hartford, Connecticut
         September 13, 2021